STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                    Docket No. CV-03-123

                                                  *Air(l-P*: 1/' '\;'* '

ROY BICKFORD,                    )
              Plaintiff,         )
                                 )
                                 )
                                 )
      v.                         )         ORDER    ┌─────────────────────────┐
                                 )                  │  FILED & ENTERED        │
                                 )                  │  SUPERIOR COURT         │
                                 )                  │                         │
                                 )                  │    SEP 1 3 2005         │
ONSLOW MEMORIAL                  )                  │                         │
HOSPITAL FOUNDATION, INC. )                         │  PENOBSCOT COUNTY       │
              Defendant.         )                  └─────────────────────────┘


      The Plaintiff's Request for Entry of Default is denied.

      The Defendant moves to dismiss the Plaintiff's Amended Complaint pursuant to
Rule 12(c) of the Maine Rules of Civil Procedure. The parties have fully briefed the
issues and were heard at oral argument.

      Rule 12(c) of the Maine Rules of Civil Procedure is procedural middle ground
between Rule 12( b) motions to dismiss and Rule 56 motions for summary judgment.
Judgment may be granted in favor of a moving party pursuant to Rule 12(c) after the
pleadings are closed if the moving party is entitled to judgment as a matter of law upon
the four corners of the pleadings. It is akin to a Rule 50 motion. However, a Rule 12(c)
motion can easily transition into a summary judgment proceeding if matters outside
the pleadings are introduced and accepted by the court.

      In the instant matter, the court accepts the proposition that the federal Fair
Credit Reporting Act expressly preempts state tort actions arising out of credit
reporting claims unless the claimant can establish that a defendant:

      1. furnished false information regarding him to third parties and did so
      2. with malice or willful intent to injure him
      See 15 U.S.C. §1681h(e)

The Plaintiff has alleged two types of claims in his Amended Complaint – state tort
claims (Counts I-IV) and violations of the federal Fair Credit Reporting Act (Counts V-
VI). The Defendant asserts in the pending motion that it is entitled to judgment on all
counts (based upon the pleadings to date) and asks the court to consider the Affidavit of
Stefania Thompson.

# The State Tort Actions

The Plaintiff's state court actions sound in defamation, tortuous economic interference with economic advantage, and intentional infliction of emotional distress. In each instance, the factual basis of the claim is the transmittal of allegedly false information about his failure or refusal to pay certain hospital charges to the Defendant. These are precisely the types of state tort actions which are preempted by the federal Fair Credit Reporting Act.[1]

Defendant argues that the current version of the Act constitute an absolute bar, but argues further that the "window" for acts committed with malice or willful intent to injure still offer the Plaintiff no opportunity to continue with the state court tort actions. Defendant argues that Plaintiff failed in pleadings to establish either of the two necessary prerequisites of Section 1681h( e). See, *infra*.

Regarding the furnishing false information prong, Defendant asserts that Plaintiff has failed to demonstrate that the information (i.e.- that he failed to pay a debt which he is legally obligated to pay) is false. Plaintiff invokes the "necessaries" doctrine which is arguably the law of the land in North Caroline (although it clearly is not in Maine – at least as described in the Defendant's submissions). If North Carolina law governs this point, and if the medical services to Plaintiff's wife fell within the "necessary" category, the information conveyed by the Defendant is not, in fact, false and the Plaintiff's action fails.

Defendant's argument misses two components – first, does North Carolina's law govern? Can a North Carolina corporation invoke the ""necessaries doctrine" to establish legal liability against a non-citizen for services rendered within the state? Secondly, was the treatment rendered to Plaintiff's wife "necessary" as to fall within the purview of the doctrine? The facts which would answer these questions do not appear in the record.

Regarding the malice or willful intent to injure component, Plaintiff argues that his bald allegation of malice (actual or imputed) is sufficient to carry the day. Defendant suggests that more is necessary – that the pleadings must aver some factual basis upon which the accusation rests.

Plaintiff essentially states that the allegedly cavalier and stand-offish manner in which the Defendant responded (or failed to respond) to his denials of liability constitute malice (i.e.- malice can be imputed by the trier of fact from these circumstances). The court disagrees. If the Plaintiff's proof at trial consisted only of an uncooperative and stand-offish attitude upon the part of the Defendant's employees, the court would grant judgment to the Defendant pursuant to Rule 50. The "window" for tort liability under the Act requires more. Recklessness does not suffice.

---

[1] The Plaintiff offers several theories to support the proposition that the Act does not preempt these causes of action, but the court disagrees.

Upon these circumstances, judgment on the pleadings would be inappropriate. While the court could transmute the Rule 12(c) motion into a summary judgment motion by allowing matters outside the pleadings, the court is equally satisfied that summary judgment is the appropriate manner to full examine the factual and legal issues surrounding these claims. As such, the pending motion to dismiss, as it involves these points, is denied, but the parties may raise all or some of these issues in the context of a summary judgment motion if they choose.[2]

## The Fair Credit Reporting Act claims

Defendant moves to dismiss the Fair Credit Reporting Act claims upon the theory that Plaintiff has failed to allege that the Defendant received notice from a consumer reporting agency that Plaintiff's credit information was disputed. 15 U.S.C. §1681i( a) ( 2). Plaintiff alleges that he duly made a report to a credit reporting service which, by law, was obligated to notify the Defendant of such. Although Defendant denies, through a supplemental affidavit, any presently existing notice of such dispute, the court declines to accept materials outside the pleadings on this issue at this point.

Again, the issue is more appropriate for summary judgment. If the Defendant did not, in fact, receive notice of the dispute through the channels prescribed in the Act, Defendant may well be entitled to summary judgment upon the statutory claims and remedies specifically created by the Act. Time will tell. The Defendant's motion to dismiss is denied, but the parties may address these issues on a subsequent motion for summary judgment.

## Claims Regarding Jenafer Williams

None of the forgoing commentary concern Plaintiff's claims as they relate to services rendered to Jenafer Williams. The court discerns no theory under which the hospital could appropriately continue to charge services for Ms. Williams to the Plaintiff. The Defendant's motion to dismiss on those claims is simply denied outright.

## Discovery

As noted in the Trial Management Order, this turn of events effectively removes the matter from any trial list. The court will allow the parties to undertake reasonable discovery in good faith to address the issues noted above. The parties are directed to discuss their discovery needs and endeavor to present the court with a proposed discovery order. The court is mindful of the unpleasant rhetoric which has marred some of these proceedings in which the parties attribute certain unprofessional objectives to the other. The court urges the parties to approach the discovery issue with

---

[2] The court rejects Defendant's arguments that the defamation actions are barred by the statute of limitations. The court deems the republication of the allegedly defamatory material to create an ongoing and continuing cause of action.

a view toward avoiding discovery requests which might be construed as onerous, disingenuous or harassing. The court remains ready to rule upon discovery dispute requests on very short notice. In the meantime, the court remains hopeful that the parties will be able to work out a mutually agreeable scheme for discovery, discovery deadlines, and deadlines for motions. If not, a discovery conference will be scheduled upon request of any party.

So Ordered.

The Clerk may incorporate this Order upon the docket by reference.

Dated: September 12, 2005

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

ROY BICKFORD VS ONSLOW MEMORIAL HOSPITAL FOUNDATION INC
UTN:AOCSsr  -2003-0069430                    CASE #:BANSC-CV-2003-00123
------------------------------------------------------------------------
ROY BICKFORD                                            PL
ATTY MEHNERT, ERIC  Tel# (207) 776-8378
ATTY ADDR:6 STATE STREET PO BOX 2668 BANGOR ME 04402

ONSLOW MEMORIAL HOSPITAL FOUNDATION INC                 DEF
ATTY DOUGLAS, MARTICA  Tel# (207) 774-1486
ATTY ADDR:103 EXCHANGE ST PO BOX 7108 PORTLAND ME 04112

M=More, Space = Exit:M

Select the EXIT KEY for page selection line.